## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**DOROTHY BELL,**

      **Plaintiff,**

                                  **Civil Action 2:18-1208**
                                  **Judge Michael H. Watson**
      **v.**                              **Magistrate Judge Chelsey M. Vascura**

**STATE FARM INSURANCE CO.,**

      **Defendant.**

### <u>REPORT AND RECOMMENDATION</u>

This matter is before the United States Magistrate Judge for a Report and Recommendation on the Court's October 23, 2019 and November 14, 2019 Show Cause Orders (ECF Nos. 39, 41), wherein the Court directed Plaintiff to show cause for her failure to appear for a telephonic discovery conference and to update her address.   For the reasons that follow, it is **RECOMMENDED** that Plaintiff's action be **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

### I.

Plaintiff filed this action on February 5, 2018.   (ECF No. 1.)   Since filing this action, Plaintiff has caused significant delay, failed to comply with the Federal Rules of Civil Procedure, and failed to comply with clear Court orders.

On June 14, 2019, Defendant State Farm Mutual Automobile Insurance Company ("State Farm") filed a Rule 26(f) Report, asserting that it made multiple attempts to meet and confer with Plaintiff pursuant to Federal Rule of Civil Procedure 26(f).   (ECF No. 30.)   According to Defendant State Farm, Plaintiff did not respond to its attempts to meet and confer regarding the

Rule 26(f) Report and, as a result, it submitted a Rule 26(f) Report on behalf of itself, only.

(*Id.*)   Accordingly, the Court ordered Plaintiff to show cause within fourteen (14) days why the Court should not dismiss this action for Plaintiff's failure to prosecute as a result of her failure to comply with Rule 26(f) and the Court's order setting the Preliminary Pretrial Conference. (ECF No. 31.)   Plaintiff responded to the Court's show cause order on July 1, 2019, and the Court permitted the case to proceed.   (ECF No. 35, 37.)

On October 10, 2019, following Defendant's representation that Plaintiff failed to respond to discovery requests, the Court noticed this action for a telephonic discovery conference to be held on October 23, 2019.   (ECF No. 38.)   On October 23, 2019, the matter came before the Court for the discovery conference, but Plaintiff failed to appear.   Consequently, the Court entered a Second Show Cause Order, ordering Plaintiff to show cause within (14) days why the Court should not dismiss this action with prejudice for failure to prosecute.   (ECF No. 39.) Plaintiff was cautioned that failure to respond to the Second Show Cause Order would result in dismissal of this action with prejudice.   (*Id.*)

Upon receiving notice that the Court's Notice of Telephonic Discovery Conference was returned to the Court as undeliverable, the Court entered a Third Show Cause Order.   (ECF Nos. 40, 41.)   The Court ordered Plaintiff to provide the Court with an updated address and justify her failure to do so earlier.   (ECF No. 41.)   The Court further ordered Plaintiff to show cause why the Court should not dismiss this action for failure to prosecute and warned Plaintiff that her failure to do so would result in dismissal of this action.   (*Id.*)

On December 2, 2019, Plaintiff submitted a Notice of Change of Address.   (ECF No. 42.)   Plaintiff asserts that she intended to notify the Court about her change of address in August 2019, but found the postal envelope in her car on November 26, 2019.   Plaintiff failed,

however, to provide any justification for her failure to appear at the October 23, 2019 telephonic discovery conference.

## II.

The Court's inherent authority to dismiss a plaintiff's action with prejudice because of her failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.   Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."   Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962).   "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'"   *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363).   "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'"   *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

## III.

Under the circumstances presented in the instant case, the undersigned recommends

dismissal of Plaintiff's action pursuant to Rule 41(b).   Here, Plaintiff has caused significant

delay in this case and has failed to comply with clear Court orders.   Specifically, Plaintiff failed

to attend the October 23, 2019 telephonic discovery conference and subsequently failed to

respond to the Court's Show Cause Orders requiring her to justify her failure to appear.   (ECF

Nos. 39, 41.)   Although Plaintiff submitted an updated address and explained her failure to do so

earlier, she failed to provide any justification for her failure to appear at the October 23, 2019

telephonic discovery conference.   Plaintiff had an affirmative duty to notify the Court of any

change of address and to remain apprised of the status of this action.   *See Barber v. Runyon*, No.

93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [*pro se* Plaintiff's] address

changed, she had an affirmative duty to supply the court with notice of any and all changes in her

address."); *Walker v. Cognis Oleo Chem., LLC*, No. 1:07cv289, 2010 WL 717275, at *1 (S.D.

Ohio Feb. 26, 2010) ("By failing to keep the Court apprised of his current address, Plaintiff

demonstrates a lack of prosecution of his action.").   Thus, Plaintiff's failure to update her

address does not justify her failure to appear at the October 23, 2019 discovery conference.

Plaintiff's actions have caused significant delay in this case resulting in prejudice to Defendant

State Farm.

Moreover, the Court explicitly cautioned Plaintiff that failure to comply with its Show

Cause Orders (ECF Nos. 39, 41) would result in dismissal of this action pursuant to Rule 41(b)

for failure to prosecute.   *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)

(noting that "[p]rior notice, or the lack thereof, is . . . a key consideration" in whether dismissal

under rule 41(b) is appropriate).   Plaintiff's failure to timely comply with the clear orders of the

Court, which established reasonable deadlines for compliance, constitutes bad faith or

4

contumacious conduct.   *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal").

Because Plaintiff has missed deadlines and disregarded Court orders, the undersigned concludes that no alternative sanction would protect the integrity of the pretrial process.   It is therefore **RECOMMENDED** that the Court **DISMISS THIS ACTION** under Rule 41(b).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).   A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.   Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.   28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

5

_/s/ Chelsey M. Vascura_

CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE